IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kennedy Covington,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:07-cr-00632-TLW-1<br>C/A No. 4:16-cv-01689-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Kennedy Covington. For the reasons stated below, the petition is denied.

## I.    Factual and Procedural History

Petitioner was charged with and pled guilty to being a felon in possession of a firearm and ammunition. After granting the Government's motion for a downward departure pursuant to USSG § 5K1.1, the Court sentenced him to 144 months incarceration. ECF No. 76. He filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Covington*, 360 F. App'x 426 (4th Cir. 2010).

Petitioner was classified as an armed career criminal under the Armed Career Criminal Act (ACCA), which imposes a mandatory minimum fifteen-year sentence on a felon who possesses a firearm and who has three or more prior convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).[1] His

---

[1] If he had not been classified as an armed career criminal, he would have faced a

1

Presentence Investigation Report (PSR) did not specifically state which offenses were classified as ACCA predicate convictions, but it is likely that the follow convictions were counted:

    (1)    Attempted Robbery, 2nd Degree (New York) (PSR ¶ 18);

    (2)    Attempted Robbery, 1st Degree (New York) (PSR ¶ 19);

    (3)    Felony Robbery With a Dangerous Weapon (North Carolina) (PSR ¶ 25).

In Petitioner's memorandum in support of his § 2255 petition, he asserts that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and other cases, he no longer has the requisite number of ACCA predicate convictions and he is therefore entitled to a resentencing without the ACCA enhancement. ECF No. 121. The parties then filed a consent motion for judgment in his favor, saying in part, "the Government agrees that Petitioner is entitled to the requested relief and has no objection to the Court vacating the Petitioner's sentence and re-sentencing Petitioner without the enhancement pursuant to 18 U.S.C. § 924(e)." ECF No. 124 at 1. However, this filing did not explain the basis for this position, other than a general reference to *Johnson*.

The Court later directed the parties to update their positions in light of several opinions that had issued after the filing of the consent motion. ECF No. 127. In response, the Government filed a motion for summary judgment and related memorandum, asserting that the two New York attempted robberies and the North Carolina robbery still qualify as predicates and that he remains an armed career

---

statutory maximum of ten years incarceration. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

criminal. ECF Nos. 129, 130.

This matter is now ripe for decision.

## II. 28 U.S.C. § 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III. Discussion

Fourth Circuit precedent forecloses Petitioner's argument that he no longer has the requisite convictions to be an armed career criminal.

In *United States v. Hammond*, the Fourth Circuit "conclude[d] that New York

statutory robbery, irrespective of the degree of the offense, is a crime of violence" under the Guidelines.[2] 912 F.3d 658, 660 (4th Cir. 2019); *see also United States v. Pereira-Gomez*, 903 F.3d 155, 166 (2d Cir. 2018) (concluding that New York robbery and attempted robbery, regardless of degree, are crimes of violence under the Guidelines); *United States v. Bowles*, 733 F. App'x 699, 701 (4th Cir. 2018) (concluding that New York second- and third-degree robberies are ACCA violent felonies).

In *United States v. Burns-Johnson*, the Fourth Circuit concluded that a North Carolina conviction for robbery with a dangerous weapon is a violent felony for ACCA purposes. 864 F.3d 313, 315 (4th Cir. 2017).

In light of these decisions, the Court concludes that Petitioner still has a minimum of three ACCA predicate convictions and is therefore not entitled to habeas relief.

## IV. Conclusion

In light of the above, the Court concludes that Petitioner still has at least three ACCA predicate convictions and is therefore not entitled to habeas relief. Accordingly, the Government's Motion for Summary Judgment, ECF No. 130, is

---

[2] It is well-settled that interpretations of § 4B1.2's definition of "crime of violence" apply equally to the ACCA's definition of "violent felony." *See, e.g., United States v. Jarmon*, 596 F.3d 228, 231 n.* (4th Cir. 2010) ("The ACCA defines 'violent felony' in a manner substantively identical to the definition of a 'crime of violence' in § 4B1.2. *Compare* 18 U.S.C. § 924(e)(2)(B) (2006) *with* U.S.S.G. § 4B1.2. We have therefore held that precedents evaluating the ACCA apply with equal force to U.S.S.G. § 4B1.2.").

**GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 120, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**[3]

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

August 26, 2019
Columbia, South Carolina

---

[3] In light of the Court's ruling, the other outstanding motions in this case, ECF Nos. 123, 124, are **DISMISSED AS MOOT**.

5